**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SCANCOMM LLC,

      Plaintiff,

      v.

LINKEDIN CORPORATION,

      Defendant.

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ScanComm LLC states for its Complaint against Defendant as follows:

## INTRODUCTION

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2.    Plaintiff ScanComm LLC is a limited liability company organized and existing under the laws of Delaware.

1

3.      On information and belief, Defendant LinkedIn Corporation is a corporation organized and existing under the laws of Delaware.

## JURISDICTION

4.      This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271, *et seq.*

5.      Defendant is subject to personal jurisdiction in the State of Georgia and in this Judicial District. Defendant is registered to do business in Georgia and maintains an agent for service of process in Georgia. Defendant maintains a regular and established place of business within this judicial district. Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Georgia and this judicial district. On information and belief, Defendant has derived substantial revenues from its infringing acts occurring within the State of Georgia and within this judicial district.

6.      This Court has personal jurisdiction over Defendant consistent with the Georgia Long-Arm Statute and Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of

conducting and soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they will be used by customers located in the State of Georgia.

7.     Venue is proper in this Judicial District pursuant to 28 § 1400(b) because Defendant has a regular and established place of business in this judicial district and has committed acts of infringement in this judicial district. *See* Exhibit C.

### Plaintiff's U.S. Patent No. 11,003,878

8.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 11,003,878 (the "Patent-in-Suit"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

9. The '878 patent, which issued on May 11, 2021, is entitled, "System for Communication from a User to the Publisher of a Scannable Label." A true and correct copy of the '878 Patent is attached hereto as Exhibit A and incorporated herein by reference.

## COUNT ONE: INFRINGEMENT OF THE '878 PATENT

10. Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

11. **Actual Knowledge of Infringement**. Plaintiff provided notice to Defendant of the '878 patent and further provided a claim chart detailing Defendant's infringement thereof by letter dated August 22, 2023, which was received by Defendant prior to the filing of this lawsuit. Therefore, Defendant has had actual knowledge of infringement as alleged here prior to the filing of this Complaint.

12. Despite such actual knowledge, on information and belief, Defendant has continued to offer and distribute at least the Defendant products identified in the chart incorporated into this Count below, including the LinkedIn app (among the "Exemplary Defendant Products"), and distribute product literature, website materials, and/or in-app instructions and information inducing end users and others

4

to use its products in the customary and intended manner that infringes the '878 patent.

13.    **Induced Infringement**. At least since receiving notice of the '878 patent and corresponding claim chart, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '878 patent, literally or by the doctrine of equivalents, by offering and distributing Exemplary Defendant Products to its customers for use in end-user products and distributing product literature, website materials, and/or in-app instructions and information inducing end users and others to use those products in a manner that infringes one or more claims of the '878 Patent.

14.    Additionally, on information and belief, Defendant has infringed one or more claims of the '878 patent, including at least claim 19, in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States, including, for example, in internal testing and use.

15.    Exhibit B includes a chart comparing a claim of the '878 Patent to the Exemplary Defendant Products, demonstrating Defendant's infringement of the charted claim of the '878 Patent.

16.    Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's infringement of the '878 patent.

17.    Plaintiff is entitled to: (i) damages adequate to compensate for Defendant's infringement of the '878 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; and (iii) costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a.    Declaring that Defendant has infringed the '878 patent;

b.    That Defendant be ordered to pay damages adequate to compensate Plaintiff for its infringement of the '878 patent pursuant to 35 U.S.C. § 284;

c.    That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

d.    That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

f.    That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285; and

g.    That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

THIS 29th day of August, 2023.

Respectfully submitted,

/s/ *Cortney S. Alexander*
Cortney S. Alexander
Telephone: 404-855-3867
Email:
cortneyalexander@kentrisley.com
KENT & RISLEY LLC
5755 North Point Parkway
Suite 57
Alpharetta, Georgia 30022

Attorneys for Plaintiff